## SUPERIOR  COURT

Antonio  Rinaldi  ⎫
vs.          ⎬ No. 51256
Thomas J. Tierney ⎭

RESCRIPT

November 21, 1924.

GREENE, J.  This action is an action to recover damages for breach of an agreement to sell real property, and is now heard on the defendant's motion for a new trial after a verdict of $200 for the plaintiff.

The plaintiff claimed that the defendant had agreed in writing, through a real estate agent, to sell to him certain real property in the city of Providence for $5300. This property the defendant afterwards sold to a third party for $5100, without knowing that the real estate agent had already agreed on his behalf to sell it to the plaintiff.

In my opinion the agreement and its breach by the defendant were established by a preponderance of the evidence, and the plaintiff, therefore, was entitled to a verdict. But, was he entitled to a verdict for more than nominal damages?

The measure of damages, of course, was the difference between the actual value at the time of the breach and the sum for which the defendant had agreed to sell the property. The fact that the defendant actually sold the property for less than $5300, namely, $5100, was not conclusive of the value thereof. There was, however, no evidence, except the testimony in direct of the real estate agent, that the property had a greater value than $5300. The real estate agent testified in his direct examination that the property was worth at the time of the

breach between $5300 and $5500. In his cross-examination, however, he testified that the approximate value of the property at the time of the breach was in his opinion $5300, and this, in connection with his testimony that, although he had had the property in his hands for sale off and on for a number of years, the plaintiff's offer of $5300 was the highest offer he had been able to obtain, seems to me to establish this sum not only as the approximate but also as the maximum value of the property.

Under these circumstances the verdict of $200 was not in accordance with the preponderance of the testimony and therefore the motion for a new trial is granted unless, within ten days, the plaintiff shall file in the office of the clerk of this court a remittitur on the verdict of the amount thereof in excess of a nominal sum, to wit: one dollar.

For Plaintiff: Pasquale Romano.

For Defendant: A. G. Chaffee and John A. Bennett.